J. Scott Miller, WSBA #14620
Law Offices of J. Scott Miller, PLLC
201 W. North River Drive, Suite 500
Spokane, WA 99201
509.327.5591
jscottmiller@jscottmiller.com

HON. EDWARD F. SHEA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**
**AT SPOKANE**

AMY AUSMAN, a married person proceeding in her individual capacity

Plaintiff,

vs.

ZAK DESIGNS, INC., a Washington corporation, and IRVING ZAKHEIM, an individual, and IRVING ZAKHEIM and JANE DOE ZAKHEIM, husband and wife, and DOES 1-100

Defendants.

Case No. CV-10-016-EFS

**STIPULATED CONFIDENTIAL AGREEMENT AND PROTECTIVE ORDER**

Upon stipulation of the parties to this action, it is hereby ordered hat the following rules and procedures shall govern the disclosure of "Confidential Information" herein:

1. Any information disclosed in the above-captioned matter by a signatory to this agreement (the "Producing Party") may be designated as "Confidential Information" by the Producing Party pursuant to the terms herein. "Confidential Information" is defined as "*information that has not been made public and that the Producing Party believes in good faith constitutes a trade secret or other confidential research, development or commercial information*." "Confidential Information" disclosed to a party (the "Receiving Party") may be used by the Receiving Party solely in connection with this litigation (the "Action").

2. The designation of information or material as "Confidential Information" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

a. in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" as appropriate, to any document containing any "Confidential Information" or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

b. in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential Information", as



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

appropriate, hereunder; or (ii) by written notice of such designation sent by counsel for Producing Party to counsel for all other parties within twenty (20) days after the transmission by the court reporter to counsel of the transcript of the deposition by overnight or electronic mail ("First Transmission"). During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Producing Party that testimony about to be given is deemed "Confidential Information". The parties shall treat all deposition and other pretrial and trial testimony as "Confidential Information" until the expiration of twenty (20) days after the First Transmission to counsel of the transcript of the deposition. Unless designated as "Confidential Information", any confidentiality is waived after the expiration of the 20-day period. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential Information" is used during the course of a deposition, that portion of the deposition record reflecting such "Confidential Information" shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

3. Subject to the terms of this Stipulation, information or material designated "Confidential Information" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

a. attorneys for the Receiving Party and other members or employees of their firm(s) or department(s) who are working on this matter ("Counsel");

b. parties, employees or consultants of the parties whose assistance is needed by Counsel for the purposes of this litigation;

c. persons who have been retained by the Receiving Party specifically to provide expert assistance or advice in this matter (collectively referred to as "Independent Advisors"), and persons regularly employed by them, to the extent necessary when working under the supervision of such an Independent Advisor in connection with this matter;

d. the Court and its employees;

e. court reporters, stenographers, or videographers or other persons preparing transcripts of testimony under the supervision of a court reporter, stenographer, or videographer;

f. persons who have been retained by the Receiving Party or its Counsel specifically to consult with regard to jury- or trial-related matters, including the composition of the jury in this matter (collectively referred to as "Trial Consultants"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Trial Consultant in connection with this matter;

g. persons who have been retained by the Receiving Party or its Counsel specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Graphic



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

Designer in connection with this matter; and

h. any other person upon such terms and conditions as the parties may agree or as the Court hereafter by order direct.

All persons listed in subparagraphs (b), (c), (e), (f), (g) and (h) above may be given access to information or material designated as ""Confidential Information"," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the form attached hereto as Exhibit A.

4. Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential Information", which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated as "Confidential Information" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party or otherwise appears on its face to contain information about which it appears reasonably likely that the witness has discoverable information.

5. A party may challenge the Producing Party's designation of information or materials as "Confidential Information" by serving a written objection upon the Producing Party. The objection need only specify that "the material designated as "Confidential Information" do not meet the criteria necessary for such designation." Within ten (10) calendar days after service of such an objection, the parties shall conduct an informal meeting in an attempt to resolve any dispute arising from the objection. If after such



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

meeting the dispute remains unresolved, the party challenging the designation (the "Challenging Party") may, within fourteen (14) calendar days after such meeting, serve and file a motion challenging the designation of the information. The failure to file a motion within the 14 day time period waives the Challenging Party's objections to the designation of those materials. The designated information which is challenged shall be treated as designated until the motion is heard and the Court rules on the classification.

6. All documents and pleadings of any nature containing "Confidential Information" and all copies thereof, shall be maintained in secure facilities and in a manner intended to minimize any risk of the inadvertent disclosure thereof.

7. All counsel for the parties who have access to information or material designated as "Confidential Information" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

8. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential Information", or otherwise complying with the terms of this Protective Order shall not:

a. operate as an admission by any party that any particular information or material designated as "Confidential Information" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of "Confidential Information";

b. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

"Confidential Information";

c. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

d. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

e. prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

f. prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly "Confidential Information";

g. prevent any party to this Protective Order from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material; and

9. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own "Confidential Information" for any purpose. Nothing contained herein shall impose any restrictions above the applicable law on the use or disclosure by a party of documents, information or material designated as "Confidential Information" obtained lawfully by such party independently of any proceedings in this action or which:

a. was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

b. is or becomes publicly known through no fault or



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

act of such party; or

c. is rightfully received by such party from a third party that has authority to provide such information or material and without restriction as to disclosure.

10. In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

11. If a party inadvertently produces "Confidential Information" without marking it as such, it may be disclosed to others until the Receiving Party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the Producing Party. As soon as the Receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the Receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

not authorized to access such information by Paragraph 3 above, as well as any copies made by such persons.

12. If a party inadvertently produces a document that it later discovers or in good faith asserts to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the Producing Party must immediately notify the Receiving Party of the inadvertent production and request the return of the privileged materials. Within five (5) days of receiving such notification, the Receiving Party shall return all such materials, including any summaries thereof. Such return shall not preclude the Receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged in any way.

13. If any party is (a) subpoenaed in an action other than the Action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a party to the Action, seeking information or material which was produced or designated as "Confidential Information" by someone other than that party, such party shall give prompt written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential Information" and shall object to its production to the extent permitted by law based on an existence of this Protective Order. The Producing Party shall then bear the obligation of bringing the motion to quash the subpoena or take



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

any other legal action it deems necessary to protect the confidentiality of the information. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

14. A party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as "Confidential Information", although a document may lose its confidential status if it is made public.

15. By agreeing to be bound by the terms of this Order, a non-party shall have the benefits, rights and protection of a Producing Party under this Order and have standing under this Order to bring a claim for violations of its terms against the parties and against any person who signed an undertaking as provided by this Order. Such a non-party must comply with all terms of this Order.

16. Notwithstanding any challenge to the designation of material as "Confidential Information" , all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

a. the party or non-party who claims that the material



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

is "Confidential Information" withdraws such designation in writing;

b. the party or non-party who claims that the material is "Confidential Information" files the document in the public record or otherwise waives the privilege; or

c. the Court rules the material is not "Confidential Information" .

17. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

18. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties.

At the conclusion of all proceedings in this action, whether by settlement or final judgment, and including but not limited to final adjudication of any appeals, petitions for hearing or extraordinary writs, judgment, or settlement, each Producing Party may request that its "Confidential Information" and all copies thereof and all documents reflecting the content of its "Confidential Information" that are in the custody of other parties (or their transferees) be returned to counsel for the Producing Party or destroyed within sixty (60) days after receipt of such request. Counsel for the respective parties shall confirm in writing to the requesting Producing Party that they have given notice of the request to any transferees of the Confidential Documents, and have themselves complied with the requirements of this paragraph. Nothing



*Law Offices of J. Scott Miller, PLLC*
*201 W. North River Drive*
*Suite 500*
*Spokane, WA 99201*
*(509) 327-5591*

contained herein shall limit the right of counsel to keep copies of its work product that contains “Confidential Information”, provided that such work product is appropriately marked as “Confidential Information” .

Dated: June 21, 2011

LAW OFFICES OF J. SCOTT MILLER, PLLC

By: s/J. Scott Miller
J. SCOTT MILLER, WSBA #14620
Attorney for Plaintiff
W. 201 North River Drive, Suite 500
Spokane, WA 99201
509.327.5591

EVANS, CRAVEN & LACKIE, P.S.

By: s/James B. King
JAMES B. KING, WSBA #8723
Attorney for Defendants
818 W. Riverside Avenue, Suite 250
Spokane, WA 99201
509.455.5200

**IT IS SO ORDERED.**

Dated: June **23rd**, 2011.

**s/ Edward F. Shea**

Judge Edward F. Shea